*The final accounting in the Estate of* AUGUSTUS WHITLOCK.

CLAIMS against an estate may be exhibited or presented to executors, even though they may not be liquidated in amount, nor matured in point of time.

Where there were three executors, each having a separate residence and place of business in New York, and the advertisement for claims designated an office in Broadway for the exhibition or presentation of claims—Held, a substantial compliance with the statute.

The claimants having acted on the advertisement and presented their claims, at the office designated—Held, that the claims were exhibited or presented to the executors.

The executors notified the claimants " we decline to pay your claims." Held, a disputing or rejection of them.

The claims not having been sued within six months, are to be disregarded on final accounting.

AMHERST WIGHT, JR., *for Executors.*
WM. ALLEN BUTLER, *for Claimants.*
CHARLES A. PEABODY, *for Legatees.*

ON the 23d of April, 1869, legatees under the last will and testament of Augustus Whitlock, deceased, petitioned the Surrogate for an account from the executors and the payment of their legacies. An order for an account having been made, the executors, Peter R. Bonnett, Robert C. Gwyer and Daniel B. Whitlock, came into Court, on the

12th day of June, 1869, and asked for a final accounting and settlement. Citations were thereupon issued, returnable the 19th day of July, 1869; on which day the executors filed their final account.

Schedule D, annexed to this account of the executors, was stated therein to "contain a statement of all the claims of creditors presented to and allowed by us, or disputed by us, and for which a judgment or decree has been rendered against us." It was further stated in said account, as to schedule D:

"In addition to the claims set forth in said schedule, and which have been paid by us, we received a claim against the estate from Hoyt, Spragues & Co., on the 8th of October, 1867. Notice was given to said claimants, on 9th November, 1867, declining to pay their claim; and, since said notice, no suit has been commenced by the claimants, and no offer made to submit the claim to arbitration."

The executors had cited Hoyt, Spragues & Co. to attend the final accounting, and the latter objected to the account as follows:

"Edwin Hoyt, Amasa Sprague, William Sprague, Nehemiah Knight and William B. Green, comprising the firm of Hoyt, Spragues & Company, creditors of said estate, object to the said account in this: That it does not contain as a charge against the estate of the testator, and a debt due and owing thereby, the claim of the said Hoyt, Spragues & Company, which was heretofore duly presented to said executors and which has not been disputed or rejected."

It appeared as facts in the case, that on the 4th day of April, 1867, the executors of Augustus Whitlock applied to the Surrogate for an order for publication of notice to creditors; and that, thereupon, the Surrogate entered an order that the executors "insert a notice, once in each week, for six weeks, in the New York *World*, and also in the New York *Transcript*, requiring all persons having

THE FINAL ACCOUNTING IN THE ESTATE OF AUGUSTUS WHITLOCK.

claims against said deceased, to present the same, with the vouchers thereof, to said executors, at their place of residence, or place of transacting business, to be specified in said notice, at or before a day therein mentioned." That a notice was thereupon duly published in the designated newspapers, signed by the executors, requiring the presentation of such claims " to the subscribers, at the office of Messrs. Amherst Wight & Son, No. 119 Broadway, in the city of New York, on or before the 11th day of October, 1867." That two claims of Hoyt, Spragues & Co. were presented at the place designated, on the 8th day of October, 1867, and were left there with Amherst Wight & Son, Esquires, both which were verified by the oath of a member of the claimants' firm, and which were as follows:

To balance of account for moneys advanced by Hoyt, Spragues & Co. to Whittal, LeFevre & Co., of Waterbury, Connecticut, in which Augustus Whitlock was a co-partner, cash the 1st July, 1867...... $518,307 68

| Less net proceeds of sales made since, and accounts of same rendered, as due January 15, 1868 | $3,803 05 | |
|---|---|---|
| As due December 7, 1867 | 3,340 03 | |
| As due January 5, 1868 | 3,562 95 | |
| | | 10,706 03 |

Leaving a balance of.................... $507,601 65

THE FINAL ACCOUNTING IN THE ESTATE OF AUGUSTUS WHITLOCK.

Against which we have on hand as per their invoice rendered to us in broken and unbroken packages, say of

| | | | | |
|---|---|---|---|---|
| Black cotton warp cloth, | 475 bales | ..... | 157,039 | yards |
| Fine cotton warp black cloth, | 108 " | ..... | 36,815¾ | " |
| Cotton warp black tricot, | 9 " | ..... | 2,231 | " |
| Cotton warp black beaver, | 220 " | ..... | 50,121½ | " |
| All wool black cloths, | 6 " | ..... | 2,079¼ | " |
| All wool drab cloths, | 45 " | ..... | 17,511¼ | " |
| Cotton warp drab cloth, | 28 " | ..... | 11,587¼ | " |
| Whitney, | 19 " | ..... | 2,849¾ | " |
| Repellants, | 21 " & cases | | 7,606¼ | " |
| Silver drab meltons, | 5 " | " | 1,788½ | " |
| Mixed meltons, | 3 " | " | 948¼ | " |
| | | | 290,578⅔ | " |

The net proceeds of sales which goods, when they are sold, is to be credited on the above balance.

E. and O. E.

NEW YORK, *October* 1, 1867.

To balance of account for moneys advanced by Hoyt, Spragues & Co. to Glenville mills, of Glenville, Connecticut, in which Augustus Whitlock was a co-partner, cash 1st of July, 1867.................. $5,115 21

E. and O. E.

NEW YORK, *October* 1, 1867.

That the following communication was addressed by the executors to the claimants:

*To* HOYT, SPRAGUES & Co.:

Gents.—You are requested to take notice that the executors, &c., of Augustus Whitlock, as at present advised, decline to pay your claims against the estate of Augustus Whitlock for $5,115.21 and for $507,601.65, presented to the attorneys for said executors, and filed with them on the 8th day of October, 1867.

Having no other means of procuring information concerning the details of said claims, they will be greatly obliged if you will furnish them a bill of particulars, containing the items of your accounts, the dates when contracted, and a list of the notes or other vouchers which you hold for the same.

NEW YORK, *November* 9, 1867.

P. R. BONNETT,

ROBT. C. GWYER,

D. B. WHITLOCK,

*Executors.*

That each of the executors resided in the city of New York and each had a separate place of business, which was not at No. 119 Broadway. That the claimants have not commenced any suit against the executors, nor has any offer to refer the claim been made by either party.

In addition to the above facts, the executors and legatees offered to prove that Amherst Wight & Son were attorneys for the executors; that all legal business connected with the estate was transacted at their office, No. 119 Broadway, New York; that claims against the estate were received by the executors at said office; and that it was the habit of the executors to attend frequently at said office; that when the claims of these claimants were left at said office, the executors were not there; but that, in a few days after, Amherst Wight & Son delivered these claims to the executors at 119 Broadway. Which offer was overruled by the Surrogate as immaterial testimony.

THE SURROGATE. The statute provides as follows:

"If a claim against the estate of any deceased person be exhibited to the executor or administrator, and be disputed or rejected by him, and the same shall not have been referred, the claimant shall, within six months after such dispute or rejection, if the debt or any part thereof be then due, or within six months after some part thereof shall have become due, commence a suit for the

recovery thereof, or be forever barred from maintaining any action thereon."

The questions presented by the facts of this case are:

1st. Whether the demand of Hoyt, Spragues & Co. was "a claim against the estate" of the testator. I think it was. It is not required that the amount of the claim be liquidated or ascertained in order to authorize its presentation. It is not required that it be already due. It may not have matured. It is the notice of "a claim," not the amount of the debt claimed, that is to be served on the executors.

2d. Whether the claim was presented to the executors. I think it was. The advertisement was sufficiently in conformity with the statute, although not obedient to its letter. There were three executors, and each had a residence and place of business, but no residence or place of business in common. The statute could not have intended that the residence or place of business of each should be set forth in the advertisement as a place for the presentation of claims against the estate. In *Murray* v. *Smith*, 9 *Bosworth S. C. R.*, 689, there was but one executor, and he had a place of residence or of business other than that which appeared in the advertisement; the creditor had not presented his claim as advertised for, and the cases are altogether different. In this case I consider the executors' advertisement for claims to be a substantial compliance with the Surrogate's order.

But, supposing the advertisement in this case to be informal and irregular, the claimant nevertheless acted upon it and presented his claim. I do not think the order to advertise and the advertisement are jurisdictional points. The disputing and rejection of the claim, when it comes to the knowledge of the executors, are the only jurisdictional questions with the Surrogate.

I cannot doubt that the claim was exhibited or presented to the executors.

3d. Whether the claim was disputed or rejected by the executors.

The executors declared to the claimants "we decline to pay your claims." They added a request for a "bill of particulars." That request does not modify their refusal. It was, in effect, a notification of the claimants that their claim was not allowed, and that further action on their part would be necessary if they proposed to establish it. Nor is the language, "as at present advised," any qualification of their dispute or rejection of the claim. It is final, so far as the communication made by the executors could affect the matter at the time of its date. In fact, all the notification given by the executors is surplusage, beyond their statement of dispute or rejection of the claim.

4th. It is admitted that the claim, or any part of it, has not been sued. I must consider it barred in Courts of Record by the statute; and, being myself precluded from trying it in this Court, must proceed to a decree of distribution without reference to it.